**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.C.-1, K.C., M.C., D.C., and C.C.-2**

**No. 18-0843** (Mercer County 16-JA-066-WS, 16-JA-067-WS, 16-JA-068-WS, 16-JA-069-WS, and 16-JA-070-WS)

## MEMORANDUM DECISION

Petitioner maternal grandfather C.W., by counsel John E. Williams, Jr., appeals the Circuit Court of Mercer County's September 7, 2018, order denying his request for permanent placement of the children in the abuse and neglect matter involving C.C.-1, K.C., M.C., D.C., and C.C.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order along with a supplemental appendix. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying the grandparents permanent placement of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 20, 2016, the DHHR filed an abuse and neglect petition that alleged that the children's mother and stepfather abused drugs and alcohol and engaged in domestic violence in front of the children. The children were subsequently placed with their maternal grandfather, petitioner herein, and grandmother. In February of 2017, the DHHR received a referral alleging that the grandparents allowed the mother to have unsupervised contact with the children and that the grandparents failed to provide the children with proper supervision. An emergency hearing was held on February 10, 2017, and the children were removed from the grandparents' home and placed in foster care. The circuit court found that sibling separation was in the children's best

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as C.C.-1 and C.C.-2, respectively, throughout this memorandum decision.

interests and they were placed in separate foster homes. The grandparents were added as parties to the matter and were given an opportunity to participate in a preadjudicatory improvement period.

In March and April of 2017, the grandparents were allowed supervised and later, unsupervised visits with the children. In December of 2017, the circuit court held a dispositional hearing in regard to the parents' parental rights. Ultimately, the circuit court terminated the mother's parental rights and the stepfather's custodial rights in its January 3, 2018, order. The children's biological father's parental rights were terminated in June of 2018.

In August of 2018, the circuit court held a contested permanency review hearing to address the grandparents' request for custody of the children. A DHHR worker testified that the grandparents were inappropriate caregivers due to multiple incidents that occurred while the children were in their care. Specifically, the DHHR worker testified that one of the children stole a grocery cart full of groceries and that the grandparents knowingly accepted the groceries and did not attempt to correct the child's behavior. The DHHR worker also testified that the grandparents allowed the children's parents to have unsupervised contact with the children, in violation of the circuit court's order. The DHHR worker further testified that the children had various behavioral issues and that the grandparents were unable to consistently or appropriately discipline the children. Following the presentation of testimony, the circuit court found that the grandparents were unable to provide an appropriate home for the children and that sibling separation and adoption in their respective foster homes was in the children's best interests. Petitioner appeals from the circuit court's September 7, 2018, order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

In his sole assignment of error on appeal, petitioner argues that the circuit court erred in not granting the grandparents permanent placement of the children. Petitioner contends that placement with the grandparents was in the children's best interests and that adoption by the

children's respective foster families was not in their best interests.[2] We do not find petitioner's argument persuasive.

West Virginia Code § 49-4-114(a)(3), also known as the grandparent preference statute, provides as follows:

> For purposes of any placement of a child for adoption by the department, the department shall first consider the suitability and willingness of any known grandparent or grandparents to adopt the child. Once grandparents who are interested in adopting the child have been identified, the department shall conduct a home study evaluation, including home visits and individual interviews by a licensed social worker. If the department determines, based on the home study evaluation, that the grandparents would be suitable adoptive parents, it shall assure that the grandparents are offered the placement of the child prior to the consideration of any other prospective adoptive parents.

Petitioner acknowledges that the grandparent preference is not absolute and must be consistent with the children's best interests. *See In re K.E.*, 240 W.Va. 220, 225, 809 S.E.2d 531, 536 (2018) ("The preference is just that—a preference. It is not absolute. As this Court has emphasized, the child's best interest remains paramount[.]"). However, the circuit court found that placement with the grandparents was not in the children's best interests. The record shows that the grandparents allowed unsupervised contact between the children and their parents, in violation of the circuit court's orders. Additionally, the grandparents were unable to consistently and appropriately discipline the children. Based on the totality of the circumstances and the evidence presented below, the circuit court found that the grandparents were unable to provide an appropriate home for the children and that separation of the siblings and adoption into their respective foster homes was in the children's best interests. Therefore, it is clear that the circuit court did not abuse its discretion by not placing the children with them.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 7, 2018, order is hereby affirmed.

Affirmed.

---

[2]Petitioner fails to offer any further support for his argument and only provides a recitation of portions of the August 31, 2018, hearing transcript. However, the testimony does not appear to support petitioner's argument. During the grandmother's testimony, she described visits with the children as "wild," admitted that the children had behavioral issues that were not addressed by the grandparents, and admitted that the children's mother had unsupervised contact with the children and drove the grandmother to the grocery store when there was no food in the home. Petitioner also fails to provide any legal analysis in support of his argument.

**ISSUED**:  February 15, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison